Bailey, J.
Petitioner makes application for an order restraining the building official of the City of New Rochelle from issuing a building permit to respondent Iona College in violation of the provisions of the zoning ordinance of the said city.
Respondent has filed plans for the erection of a residence hall for college students upon a lot adjacent to petitioner’s residence and refers to it as a single-family dwelling. Single-family dwellings under the zoning ordinance may be erected with side yard restrictions of 12 and 15 feet width and a rear yard of 30 feet. For all other uses under the ordinance the side and rear yard restriction's are 60 feet. It is petitioner’s contention here that the building proposed to be built is an accessory building to the college and not a one-family dwelling; that accordingly respondent may not avail itself of the limited side and rear yard restrictions but is controlled by the provisions of the ordinance as to all other uses in the residential zone namely that the side and rear yard restrictions shall be a minimum of 60 feet.
The zoning ordinance defines a one-family dwelling to be “ a detached building containing one dwelling unit only.”
It also defines accessory building to be “ a building detached from and subordinate to the main building on a lot and used for purposes customarily incidental to those of the main building. ’ ’
The proposed building as indicated is designed to be used for a residence hall by students of the religious order known as Christian Brothers of Ireland while pursuing their studies at the respondent college. It was not disputed upon the argument herein that upwards of 60 such students will reside in the building. The design and dimensions of the building as portrayed by a photograph of the proposed structure herein submitted indicates that the building may well accommodate at least if not more than that number of persons.
*947 The sole question for determination in this proceeding is the interpretation of the language of the zoning ordinance as to whether the proposed building falls within the classification of one-family dwelling or whether it is an accessory building to the college and its use is incidental and subordinate to the main purposes of the educational institution. The proceeding does not seek to prohibit the use by respondent of its premises for purposes essential to its educational functions but that it be required to comply with provisions of the zoning ordinance in the exercise of such functions.
The respondent college in opposing this application does not claim that the ordinance is unreasonable, invalid or discriminatory but contends that the proposed building falls within the classification of a one-family dwelling and cites and relies largely upon the opinion in City of Syracuse v. Snow (123 Misc. 568). In the foregoing case the validity of the regulations for the use of property by the city planning commission were challenged when it was sought to prohibit the use of certain premises as a sorority house for students at Syracuse University. The court there held that the commission acted beyond its powers in limiting the use; that the owner of the property would be deprived of her property without due process of law; that there were several other chapter and sorority houses within the same locality when the regulations became effective and that the regulation was therefore discriminatory and that it was desirable and advantageous that students be housed near the college. Incidental to his determination but in no way decisive of the point at issue the court expressed the opinion that students living together constitute a family unit.
The foregoing decision does not appear to have been cited or referred to in any subsequent decision in this jurisdiction but in Cassidy v. Triebel (337 Ill. App. 117) the Appellate Court of Illinois distinguished the language of the Snow decision that students living together did so as a family unit and said that although sorority members were bound together by enduring fraternal ties they were not members of a family. The court held that members of a college sorority were not entitled to establish a sorority house in an area classified as a two-family district. Also in Kalb v. Mayer (164 App. Div. 577) it was said that when three or more persons, unrelated by family ties, occupy a house including a common living room and table, the sense of a private dwelling disappears.
There are no other decisions within this State which are of assistance to resolve the present issue but in the memorandum submitted herein by the corporation counsel in support of *948 respondent’s contention it is stated that the building is an accessory to the main college building. In Sullivan v. Anglo-American Investment Trust (89 N. H. 112, 115) the Supreme Court of New Hampshire declared that the alteration of a single-family dwelling so as to provide separate heating units and separate wiring systems for the lower and upper floors merely for the entertainment of relatives and friends authorized restraint by the authorities under the single-family provision of the zoning ordinance. The court said (supra, p. 115) “It is unnecessary, however, to draw fine distinctions as to the exact meaning of the word ‘ family,’ since no definition can properly be adopted which fails to take into account the object of the ordinance ”.
The zoning ordinance here under consideration specifically authorizes within residential districts buildings for accessory use by the respondent and contains definitions of accessory building and accessory use. The language of the definitions is in no way ambiguous. In Hudson Riv. Tel. Co. v. Watervliet Turnpike & Ry. Co. (135 N. Y. 393) the court held that the words of a statute are to be interpreted according to their natural and obvious meaning, and, if the terms employed are not ambiguous, extrinsic facts are not available to enlarge or restrict the authority which it confers. In Matter of Westchester Co. S. P. C. A. v. Mengel (292 N. Y. 121, 126) the court said “ restrictions on the use of property imposed by the Zoning Ordinance may not be extended by any administrative board or judicial tribunal in order to exclude a use which in its opinion should have been excluded * * * nor may we give a strained meaning to the words of the ordinance in order to effectuate its purpose better.” (Italics supplied.)
The language of the ordinance if given its plain and obvious meaning requires an interpretation that the proposed residence hall is a building subordinate to the main building to be used for purposes customarily incidental to those of the main building, and that its use is incidental and subordinate to the main use, within the definitions of accessory building and accessory use as contained in the ordinance. The courts may not disregard the intention of the legislative body when it is clearly to be found in the language used. (City of Buffalo v. Roadway Tr. Co., 303 N. Y. 453.)
This application must therefore be granted.