■ In the Matter of ALPHONSE A. LAPORTE et al., Respondents, against CITY OF NEW ROCHELLE et al., Appellants. (Consolidated appeals.) — Appeal by the City of New Rochelle, its building official and Iona College from an order enjoining and restraining said city and building official from issuing to the college a permit to erect, upon a certain plot owned by it, a structure referred to as a single family dwelling within the provisions of the 1955 New Rochelle Zoning Ordinance. Order reversed on the law, with $50 costs and disbursements, and motion denied, without costs. The injunction order, which purports to be final, was made upon a petition and order to show cause unrelated to any pending action, and is not one which could properly have been obtained in a proceeding under article 78 of the Civil Practice Act. Although the entry of the order upon such application was improper, the Supreme Court had jurisdiction to issue an injunction and, in view of the acquiescence of all parties, we shall treat the procedure adopted on their consent as establishing the law of the case, and determine this appeal on the merits. (Cf. *Matter of Malloy,* 278 N. Y. 429, 433.) Iona College is conducted by the Christian Brothers of Ireland, a Roman Catholic religious order. Plans were filed for the construction of a building on land owned by the college, to be used as a residence for upwards of 60 student members of said order. The side yards, as shown by the plans, will conform with the requirements of the zoning ordinance, provided that the proposed building is a one-family dwelling within the meaning of the zoning ordinance. They are too small for any other use. The Special Term held in effect, on the conceded facts, that the proposed building was not a one-family dwelling but was an accessory building, and that the contemplated use was an accessory use requiring greater side yard setbacks. Section 11.1 of article XI of the zoning ordinance contains the following definitions: "15. *Dwelling, one family*: a detached building containing one dwelling unit only. * * * 18. *Dwelling unit*: a building or entirely self-contained portion thereof containing complete housekeeping facilities for one family only, and having no enclosed space or cooking or sanitary facilities in common with any other dwelling unit, except for vestibules, entrance halls, porches or hallways. * * * 20. *Family*: one or more persons occupying a dwelling unit as a single, non-profit housekeeping unit." The city's legislative body has the right to define the term "family". It has done so, placing no limitation on the number of persons constituting a family, nor does it require that the

members thereof be related by blood or marriage. We may not impose any restrictions not contained in the ordinance. The petition does not allege, nor does the record disclose, facts from which it can be determined that the proposed building does not constitute a single dwelling unit, or that the members of the order will occupy the dwelling unit other than as a " single, non-profit house-keeping unit", within the purview of the ordinance. The proposed use does not deprive the building of its character as a one-family dwelling because it is also an accessory use, nor does the ordinance by its terms deprive the owner of the benefit of the yard restrictions applicable to one-family dwellings, although the building and use may be accessory to the main structure or use. Respondents, having failed to establish illegality of the proposed permit, have not shown themselves entitled to injunctive relief. Nolan, P. J., Wenzel, Murphy and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Iona College intends to build a four-story brick college dormitory of substantial proportions to house over 60 male students. In my opinion, such a structure is neither a building containing only one dwelling unit nor a dwelling unit for one family. This dormitory is nothing more than a house for the boarding of students during their studies. It is not designed, nor intended to be constructed, as a one-family dwelling. Exclusive use of bedroom space is intended for each student or each pair of students. Whatever their other ties, over 60 male students, each coming from a different family, should not be held to form one family or to be otherwise bound by family ties in the sense in which that term is used. (See *Kalb* v. *Mayer*, 164 App. Div. 577.) [1 Misc 2d 945.]