■ In the Matter of RICHARD P. GABRIEL et al., Appellants, v NEW ROCHELLE BOARD OF APPEALS ON ZONING et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination by the City of New Rochelle Board of Appeals on Zoning, dated November 12, 1986, which granted the application of the Christian Brothers Institute to construct an addition to a one-family dwelling on the subject premises, and an action to permanently enjoin construction of the addition by the Institute, the appeals are (1) from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated May 5, 1987, which dismissed the petition; and (2) from a judgment of the same court, dated March 23, 1987, which declared that the restrictive covenant in the deed did not refer to the structures erected on the subject premises, vacated a temporary restraining order and dismissed the complaint. The appellants' notice of appeal from two decisions both dated March 3, 1987, is deemed a premature notice of appeal from the judgments (CPLR 5520 [c]).

Ordered that the judgments are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

These proceedings involve an application for a building permit by the Christian Brothers Institute (the Institute), an order of Roman Catholic teaching brothers, to construct an addition to a single-family house. The house, owned by the Institute since 1968, sits on a two-acre parcel in an area zoned for single-family use. Eight of the brothers reside in the existing house. The addition would provide 22 bedrooms for members of the order and a common recreation area. All the members would use a common kitchen and dining room.

The New Rochelle Board of Appeals on Zoning (hereinafter the board), after a public hearing, granted the application. A group of residents in the area brought these proceedings to annul the board's determination that the proposed addition conformed to the definition of a single-family use under the applicable zoning ordinance and to enjoin construction of the addition based on the alleged breach of a restrictive covenant in the deed.

The determination of a zoning board should not be set aside if it has a rational basis and is supported by substantial evidence (see, e.g., Matter of Fuhst v Foley, 45 NY2d 441;

*Matter of Silveri v Nolte,* 128 AD2d 711). We find no basis in the record for annulling the board's determination. The evidence established that the members of the order would occupy the premises as a single, not-for-profit housekeeping unit with common cooking, dining and recreation facilities. The board noted that historically religious orders had been designated as single-family units for zoning purposes. The board's decision was not without precedent, in that previously a dormitory constructed to house 60 students at the nearby college associated with the Christian Brothers had been held to conform to a single-family use under the city's zoning ordinance then in effect *(see, Matter of Laporte v City of New Rochelle,* 2 AD2d 710, *affd* 2 NY2d 921).

The board did not err in concluding that the definition of a single-family unit in the city's zoning ordinance, which excluded households with more than two unrelated persons from that designation, should not be invoked to defeat the Institute's application (Zoning Ordinance of City of New Rochelle, art XI, §§ 1, 11.1 [20]). That portion of the ordinance had been declared unconstitutional, based on the authority of *McMinn v Town of Oyster Bay* (105 AD2d 46, *affd* 66 NY2d 544), and was in the process of being revised. Under the circumstances presented here, we cannot conclude that it was arbitrary or irrational for the board to find that this group of unrelated persons would function as a single family. Finally, no evidence was presented to support the conclusory allegation that the board failed to consider the environmental impact of the construction on the surrounding community. The board held a public hearing at which those concerns by the area residents were raised, and the board noted in its decision that its members had made a personal inspection of the site.

The action for injunctive relief was based on the appellants' contention that the language in a restrictive covenant in the deed could be interpreted to prohibit construction of the addition to the house. The Supreme Court found that this interpretation distorted the plain meaning of the covenant, and this contention has been abandoned on appeal. The appellants improperly raise for the first time on appeal a different contention with respect to the restrictive covenant as a ground for enjoining construction of the addition *(see, e.g., Gordon v Hong,* 126 AD2d 514). In any event, we find that this new contention is equally without merit. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.