██ In the Matter of AA&L ASSOCIATES, L. P., Appellant, v SAM CASELLA et al., Constituting the Town of Canandaigua Zoning Board of Appeals, et al., Respondents. [616 NYS2d 825]

—Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner commenced this CPLR article 78 proceeding to set aside the determination of the Town of Canandaigua Zoning Board of Appeals (ZBA) that granted four area variances to respondent Midas Realty Corporation (Midas) to permit the construction of a Midas Muffler Shop on property owned by respondent Patrick A. Salvato. That property is located adjacent to property owned by petitioner on Route 332 in the Town of Canandaigua, on which a motor vehicle service station has been operated by Monro Muffler Brake, Inc. (Monro) for nearly 20 years pursuant to a lease between Monro and petitioner. Midas is the contract vendee of the property owned by Salvato that is located in a district zoned "Community Commercial". The sale of the property to Midas was made contingent upon its obtaining approval, including the grant of necessary variances, to construct the Midas Muffler Shop. Section 105-508 (E) (3) of the Canandaigua Town Code states that, in an area zoned "Community Commercial", a motor vehicle service station is a special use that "may be permitted consistent with the provisions of Article VI [of the Canandaigua Town Code], provided that a Special Use Permit is approved by the Town Planning Board". Article VI of the Canandaigua Town Code states that "[n]o motor vehicle service station * * * shall be established on a lot that is within 1000 feet of another lot measured along the same street frontage on which there is an existing motor vehicle service station" (Canandaigua Town Code § 105-603 [M]). Midas applied for and ZBA granted a variance from the 1000-foot prohibition. Additionally, the ZBA granted Midas' applications for variances from the front and rear setback requirements and the 24-vehicle parking space limit of the Canandaigua Town Code. Supreme Court determined that Midas demonstrated that practical difficulties existed, and therefore, the ZBA's determination to grant the area variances was not arbitrary and capricious or illegal. We disagree.

Absent an express grant of authority in the provisions of the Canandaigua Town Code, the ZBA lacked authority to grant Midas a variance relieving it from the 1000-foot prohibition contained in the Code (see, Matter of Jewish Reconstructionist Synagogue v Levitan, 34 NY2d 827, rearg denied 35 NY2d 855; Wisoff v Amelkin, 123 AD2d 623; Matter of Lynch v Gardner, 15 AD2d 562). Thus, under the circumstances of this

case, we conclude that the ZBA's interpretation of the Canandaigua Town Code, while entitled to deference, was arbitrary, unreasonable and irrational *(see, Matter of Pitz v Town of Amherst Zoning Bd. of Appeals,* 198 AD2d 832). Moreover, because the variance from the 1000-foot prohibition is the foundation upon which the remaining area variances were granted, we reverse the judgment and grant the petition to set aside the determination of the ZBA.

In light of our determination, we do not address the remaining contentions advanced by petitioner. (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Article 78.) Present—Balio, J. P., Callahan, Davis and Boehm, JJ.