■ In the Matter of CRAIG EMMERLING et al., Appellants, v TOWN OF RICHMOND ZONING BOARD OF APPEALS et al., Respondents. [888 NYS2d 703]—

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered July 25, 2008 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted in part and the determination is annulled.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Town of Richmond Zoning Board of Appeals (ZBA) that a site plan review by the Town of Richmond Planning Board (Planning Board) was required before petitioners would be permitted to erect a fence on their property. We conclude that Supreme Court erred in dismissing the petition in its entirety.

The interpretation by a zoning board of its governing code is generally entitled to great deference by the courts (*see Appelbaum v Deutsch*, 66 NY2d 975, 977-978 [1985]; *Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals*, 6 AD3d 1091, 1092 [2004]) and, so long as the interpretation "is neither 'irrational, unreasonable nor inconsistent with the governing [code],' it will be upheld" (*Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998], quoting *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 62 NY2d 539, 545 [1984]). "Where, however, the question is one of pure legal interpreta-

tion of [the code's] terms," deference to the zoning board is not required (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419 [1996]; *see Matter of J & M Harriman Holding Corp. v Zoning Bd. of Appeals of Vil. of Harriman*, 62 AD3d 705, 707 [2009]). Moreover, an interpretation that " 'runs counter to the clear wording of a [code] provision is given little weight' " (*Matter of Conti v Zoning Bd. of Appeals of Vil. of Ardsley*, 53 AD3d 545, 547 [2008], quoting *Matter of Excellus Health Plan v Serio*, 2 NY3d 166, 171 [2004]).

Here, the ZBA's determination that site plan review was required prior to petitioners' erection of a fence is contrary to the " 'clear wording' " of the Zoning Law of the Town of Richmond (*Conti*, 53 AD3d at 547), set forth in chapter 200 of the Town of Richmond Code (Code), and it therefore is not entitled to deference (*see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515-516 [2006]). Section 200-69 (A) of the Code requires the preparation of a site plan prior to the issuance of a zoning permit "except for single-family residences, accessory buildings or uses and agricultural buildings or uses." Pursuant to the Code, fences are "[p]ermitted accessory uses" in the E Business District where petitioners' property is located (*see* § 200-16 [C] [3]). Thus, under a plain reading of the Code, petitioners were not required to undergo a site plan review before constructing a fence on their property.

Respondents' contention that a site plan review is required in this case because the purpose of the fence is to change the traffic flow on petitioners' property, a factor considered by the Planning Board during the site review process (*see* Code § 200-69 [C] [1] [a], [b]), is without merit. Indeed, the Code's definition of "fence" specifically contemplates that fences will be used to regulate the flow of traffic inasmuch as section 200-7 defines a fence as "[a] structure . . . [that] prohibits or inhibits unrestricted travel or view between properties or portions of properties or between the street or public right-of-way and a property, artificially erected for the purpose of assuring privacy or protection." Respondents further contend that site plan review is required prior to the erection of petitioners' fence because the fence was not included in the original site plan for petitioners' property, which was approved by the Planning Board in 1998. We reject that contention as well. There is no provision in the Code requiring property owners to return to the Planning Board each time they wish to add a permitted accessory use to their property. To the contrary, such uses are specifically exempt from the site plan review process under the clear wording of the Code (*see* § 200-69 [A]).

Inasmuch as the ZBA's interpretation of the Code was irrational, unreasonable and inconsistent with the clear language of the Code (*see New York Botanical Garden*, 91 NY2d at 419), we reverse the judgment, grant the petition in part and annul the determination of the ZBA (*see generally Matter of AA&L Assoc. v Casella*, 207 AD2d 1012, 1014 [1994]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Gorski, JJ.