■ In the Matter of WILLIAM SHANNON et al., Appellants, v VILLAGE OF ROUSES POINT ZONING BOARD OF APPEALS et al., Respondents. [903 NYS2d 539]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Ryan, J.), entered August 6, 2009 in Clinton County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review determinations of respondent Village of Rouses Point Zoning Board of Appeals granting certain variances and other relief to respondent Montgomery Post No. 912, Inc., American Legion, Rouses Point, New York.

Respondent Montgomery Post No. 912, Inc., American Legion, Rouses Point, New York (hereinafter respondent) owns real property in the Village of Rouses Point, Clinton County. The parcel is comprised of two portions: one that fronts Pratt Street, lies in a commercial zoning district and is improved by respondent's current facilities, and a smaller portion that fronts State Street and lies in a residential zoning district. Petitioners own residential property adjacent to respondent's property. Respondent desired to extend its facilities onto the State Street portion of its property, but membership clubs are not permitted to operate in residential zoning districts.

In 2007, respondent applied to respondent Village of Rouses Point Zoning Board of Appeals for several variances and relief pursuant to Village of Rouses Point Zoning Law § 120-8. That ordinance provides: "If a lot lies in two or more land use districts, each portion of the lot shall be governed by the regulations of the district in which it lies. Upon special authorization of [the Zoning Board] and after a public hearing, the provisions of the less restricted portion of the lot may be extended up to 30 feet into the more restricted portion. An extension of more than 30 feet shall require a variance or map amendment." The Zoning Board denied respondent's application seeking to extend respondent's facilities 36 feet into the residential district.

In 2008, respondent made a similar application seeking to extend its facilities only approximately 28 feet into the residential district. The Zoning Board granted the requested relief under Village of Rouses Point Zoning Law § 120-8, granted several variances and adopted a negative declaration of environmental significance under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]). Petitioners

commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to challenge the Zoning Board's determination. Supreme Court dismissed the petition/complaint, prompting petitioners' appeal.

Respondent was not entitled to relief under Village of Rouses Point Zoning Law § 120-8. That ordinance applies to a single "lot [that] lies in two or more land use districts." The zoning law defines "lot" as "[a]ny parcel of land which individually or as part of a subdivision of land has been recorded in the County Clerk's office" (Village of Rouses Point Zoning Law § 120-41 [B]). While courts generally accord deference to a zoning board's interpretation of a local ordinance, deference is not required when reviewing a pure legal interpretation of terms in an ordinance (see Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 102-103 [1997]; Matter of Mack v Board of Appeals, Town of Homer, 25 AD3d 977, 980 [2006]). Under the plain language of the ordinance, respondent's property did not qualify as one lot. Although listed as one parcel on a tax map, the commercial portion and residential portion were separately deeded to respondent as separate lots.* There is no proof that respondent's parcel is recorded, as one piece of property, in the County Clerk's office. Hence, respondent's property is composed of two lots. Under the ordinance, which only applies to a single lot, the Zoning Board could not grant respondent the requested extension.

Further, the minimal information in the record concerning the Zoning Board's SEQRA determination fails to establish that the Zoning Board took the required "hard look" at any areas of environmental concern or "made a 'reasoned elaboration' of the basis for its determination" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007], quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). We therefore must reverse Supreme Court's judgment and annul the Zoning Board's determinations.

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determinations of respondent Village of Rouses Point Zoning Board of Appeals annulled, and it is declared that Village of Rouses Point Zoning Law § 120-8 is

---

* Although the deeds were not properly part of the record on appeal because they were not before the Zoning Board, the survey map attached to respondent's application listed two reference deeds that conveyed property to respondent. Other record information shows that respondent has operated its facilities in the commercial zone for years, but only recently acquired the residential portion of its property.

inapplicable to the two lots owned by respondent Montgomery Post No. 912, Inc., American Legion, Rouses Point, New York.