■ In the Matter of ERIN ESTATES, INC., Appellant, v JOHN McCRACKEN, as Zoning Enforcement Officer of the Town of Erin, et al., Respondents. [921 NYS2d 730]—

Garry, J. Appeal from a judgment of the Supreme Court

(O'Shea, J.), entered May 20, 2010 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Erin Zoning Board of Appeals prohibiting petitioner from placing a mobile home for sale on premises owned by it.

Petitioner operates a manufactured home park on real property that it owns in a residential zone in the Town of Erin, Chemung County. Residents of the park place manufactured homes on lots leased from petitioner. In 2009, petitioner's property manager approached respondent John McCracken, the Town of Erin Code Enforcement Officer, to inquire about obtaining a building permit to install a manufactured home owned by petitioner on a lot in the park to be offered for sale to the public. McCracken advised petitioner that the proposal was a commercial use prohibited by the Town of Erin Zoning Code. Petitioner then applied to respondent Town of Erin Zoning Board of Appeals (hereinafter ZBA) for an interpretation of the ordinance. After a public hearing, the ZBA determined that petitioner's proposed use was prohibited. Petitioner commenced this CPLR article 78 proceeding to annul that determination, and Supreme Court dismissed the petition. Petitioner appeals.

The Town of Erin Zoning Code defines a manufactured home park as "[a] parcel of land under single ownership which is improved for the placement of mobile homes and/or manufactured homes for non-transient use and which is offered to the public of two (2) or more mobile and/or manufactured homes [sic]" (Town of Erin Zoning Code § 1300). In a provision entitled "Commercial Sale of Mobile and/or Manufactured Homes," the zoning ordinance provides that "[a] mobile and/or manufactured home park shall be established for the purpose of permitting habitation of such mobile and/or manufactured homes. No sales lot or area shall be used for the purpose of selling mobile and/or manufactured homes" (Town of Erin Zoning Code § 1301 [10] [emphasis added]). Relying upon the emphasized language, the ZBA found that petitioner's proposal to place an unoccupied manufactured home on a lot for sale "would have the effect of transforming said residential lot into a dedicated lot or area for the commercial sale of a mobile home" and was "an illegal commercial sale of a mobile home within a residential district." The ZBA further distinguished petitioner's proposal from sales of mobile homes by individual owners "in anticipation of moving," finding that such "casual sales" did not violate the ordinance but nonetheless would "have to be monitored on a case by case basis."

Supreme Court accorded deference to the decision of the ZBA,

but that heightened standard was not merited here. A fact-based interpretation of a zoning ordinance that determines its application to a particular use or property is entitled to "great deference" (*Matter of West Beekmantown Neighborhood Assn., Inc. v Zoning Bd. of Appeals of Town of Beekmantown*, 53 AD3d 954, 956 [2008]; *see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 420-421 [1998]). However, "deference is not required when reviewing a pure legal interpretation of terms in an ordinance" (*Matter of Shannon v Village of Rouses Point Zoning Bd. of Appeals*, 72 AD3d 1175, 1177 [2010]; *see Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 980 [2006]). Here, the meaning of the term "sales lot or area" in the ordinance at issue presents a purely legal question in which no deference to the ZBA's interpretation is required (*see Matter of Shannon v Village of Rouses Point Zoning Bd. of Appeals*, 72 AD3d at 1177; *Matter of Blalock v Olney*, 17 AD3d 842, 843-844 [2005]).

A statute or ordinance is to be construed as a whole, reading all of its parts together to determine the legislative intent and to avoid rendering any of its language superfluous (*see Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115 [2007]; *Matter of Veysey v Zoning Bd. of Appeals of City of Glens Falls*, 154 AD2d 819, 821 [1989], *lv denied* 75 NY2d 708 [1990]; McKinney's Cons Laws of NY, Book 1, Statutes § 97). Unambiguous language is to be construed to "give effect to its plain meaning" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001]; *see Matter of Shannon v Village of Rouses Point Zoning Bd. of Appeals*, 72 AD3d at 1177). Applying these principles to this ordinance, we find that its plain language does not support the ZBA's interpretation.

Read as a whole, Town of Erin Zoning Code § 1301 (10) identifies and prohibits commercial sales within manufactured home parks by looking to the purpose of the contemplated use of land in the park. The first sentence of the ordinance provides that manufactured home parks are to be established for the purpose of "habitation." The second sentence prohibits the use of a "sales lot or area" within such a park for the contrasting "purpose of selling mobile and/or manufactured homes." Nothing in the ordinance distinguishes between acceptable and unacceptable sales of homes according to the previous use of the home (that is, whether the home was previously owned and occupied by a resident, or never occupied and owned by petitioner or some other non-resident). Instead, the ordinance looks to the future, distinguishing between permissible and impermissible

uses based upon whether the home was placed in the park to be inhabited or to be sold.

The purpose of petitioner's proposal—by which a manufactured or mobile home would be affixed to a residential lot within the park and then sold to be inhabited on that lot—is plainly that of "habitation." Thus, it does not fall within the use prohibited by the ordinance—that is, the designation of a "sales lot or area" that has no residential purpose, but is dedicated instead to the display of model homes to be inspected by potential buyers and ultimately resided in elsewhere. To construe the language otherwise would render the adjective "sales" in the phrase "sales lot or area" superfluous (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d at 91). As petitioner's proposed use does not violate the Town of Erin Zoning Code, Supreme Court's judgment must be reversed.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and determination annulled.