# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**447**

**CA 11-02180**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF DONALD G. MCGRATH AND
ROSLYN F. MCGRATH, PETITIONERS-RESPONDENTS,

V                                           MEMORANDUM AND ORDER

TOWN OF AMHERST ZONING BOARD OF APPEALS,
RESPONDENT-APPELLANT.

---

E. THOMAS JONES, TOWN ATTORNEY, WILLIAMSVILLE (PHILIP B. ABRAMOWITZ OF COUNSEL), FOR RESPONDENT-APPELLANT.

HOPKINS & SORGI, PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Drury, J.), entered December 23, 2010 in a proceeding pursuant to CPLR article 78.  The judgment invalidated a determination of respondent and directed that petitioners no longer be denied a building permit.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent, Town of Amherst Zoning Board of Appeals (ZBA), denying their request for a building permit for a single family home.  The ZBA denied that request on the ground that petitioners' lot did not meet the minimum width requirement imposed by the zoning ordinance of the Town of Amherst (Town).  Contrary to the ZBA's contention, we conclude that Supreme Court properly granted the petition and ordered the ZBA to grant petitioners the requested building permit.

Although an "interpretation by a zoning board of its governing code is generally entitled to great deference by the courts . . ., '[w]here . . . the question is one of pure legal interpretation of [the code's] terms,' deference to the zoning board is not required" (*Matter of Emmerling v Town of Richmond Zoning Bd. of Appeals*, 67 AD3d 1467, 1467-1468).  In such cases, the determination of a zoning board can be overturned where the zoning board's interpretation "is contrary to the clear wording" of the applicable zoning ordinance (*id.* at 1468 [internal quotation marks omitted]).

Here, the ZBA's determination that petitioners were not entitled

to build a single family home on their lot in the absence of a width variance "is contrary to the clear wording" of the Town's zoning ordinance (*id.* [internal quotation marks omitted]), set forth in chapter 203 of the Code of the Town of Amherst (Code).  Although the lot does not satisfy the width requirement contained in chapter 203, section 3-6-2 (B) of the Code, the record establishes that the lot complied with the width requirement that was in effect when the lot was filed as part of a subdivision plat in 1979, and thus that it constituted a "lot of record" at the time the current zoning ordinance took effect (ch 203, § 2-4).  Inasmuch as petitioners' lot was lawful prior to the enactment of the current zoning ordinance and became unlawful only when that zoning ordinance took effect, the lot qualifies as a "nonconforming . . . lot of record" (*id.*).  The Code provides that, in the district in which petitioners' lot is located, "a single-family detached dwelling and customary accessory structures may be erected on any single nonconforming lot of record . . ., notwithstanding limitations imposed by other provisions of [the zoning ordinance, where such lot is] in separate ownership and not of continuous frontage with other lots in the same ownership" (ch 203, § 9-5-1 [A]).  That provision applies "even though the nonconforming lot of record fails to meet the requirement[] for . . . width" (ch 203, § 9-5-1 [B]).  The ZBA's failure to apply chapter 203, section 9-5-1 of the Code to petitioners' circumstances and to permit the construction of petitioners' proposed single family home is, in our view, "contrary to the clear wording" of the zoning ordinance (*Emmerling*, 67 AD3d at 1468 [internal quotation marks omitted]).  Supreme Court therefore properly granted the petition.

Entered:  April 27, 2012                      Frances E. Cafarell
                                              Clerk of the Court