# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**845**

**CA 12-01990**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IN THE MATTER OF BAKER HALL, DOING BUSINESS
AS BAKER VICTORY SERVICES,
PETITIONER-RESPONDENT,

                        V                                        MEMORANDUM AND ORDER

CITY OF LACKAWANNA ZONING BOARD OF APPEALS
AND CITY OF LACKAWANNA, RESPONDENTS-APPELLANTS.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

DAMON MOREY LLP, CLARENCE (COREY A. AUERBACH OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

     Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Timothy J. Walker, A.J.), entered July 25, 2012 in a
proceeding pursuant to CPLR article 78.  The judgment granted in part
the petition and annulled the determination of respondent City of
Lackawanna Zoning Board of Appeals.

     It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

     Memorandum:  Petitioner commenced this proceeding pursuant to
CPLR article 78 seeking, inter alia, to annul the determination of
respondent City of Lackawanna Zoning Board of Appeals (ZBA) that a
residential treatment facility (RTF) proposed by petitioner is not a
permitted use in the mixed residential (MR) district in which
petitioner sought to construct it.  We conclude that Supreme Court
properly granted the petition to that extent.  Although "[t]he
interpretation by a zoning board of its governing code is generally
entitled to great deference by the courts . . . , an interpretation
that runs counter to the clear wording of a [code] provision is given
little weight" (*Matter of Emmerling v Town of Richmond Zoning Bd. of
Appeals*, 67 AD3d 1467, 1467-1468 [internal quotation marks omitted]).
Here, the ZBA's determination that the proposed RTF is not permitted
in an MR district is contrary to the clear wording of Lackawanna City
Code (City Code) § 230-80 and the sections of the multiple residence
law that are incorporated by reference therein (*see generally Matter
of McGrath v Town of Amherst Zoning Bd. of Appeals*, 94 AD3d 1522,
1523-1524, *lv denied* 19 NY3d 809).

     Finally, we note that, inasmuch as petitioner did not take a

cross appeal from the judgment, it is precluded from obtaining the affirmative relief it seeks (*see Millard v Alliance Laundry Sys., LLC*, 28 AD3d 1145, 1148; *see generally Hecht v City of New York*, 60 NY2d 57, 61).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court