Matter of Northwood Sch., Inc. v Joint Zoning Bd. of Appeals for The Town of N. Elba & Vil. of Lake Placid (2019 NY Slip Op 02606)





Matter of Northwood Sch., Inc. v Joint Zoning Bd. of Appeals for The Town of N. Elba & Vil. of Lake Placid


2019 NY Slip Op 02606


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527397

[*1]In the Matter of NORTHWOOD SCHOOL, INC., Appellant,
v
JOINT ZONING BOARD OF APPEALS FOR THE TOWN OF NORTH ELBA AND VILLAGE OF LAKE PLACID, Respondent.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Law Office of James M. Brooks, Lake Placid (James M. Brooks of counsel), for appellant.
Briggs Norfolk LLP, Lake Placid (Ronald J. Briggs of counsel) and Terry Rice, Suffern, for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (Auffredou, J.), entered February 9, 2018 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a certificate of occupancy.
Petitioner is a private boarding school in the Village of Lake Placid, Essex County. A donor gave petitioner a single-family residence (hereinafter the property), located near the school, which petitioner planned to use as housing for a group of high school students and a supervising faculty member. Upon petitioner's inquiry regarding a certificate of occupancy, the Code Enforcement Officer opined that petitioner's planned use was not permissible in the zoning district where the property was located because it did not fall within the definition of a single-family residential use under the Joint Village of Lake Placid/Town of North Elba Land Use Code (hereinafter the Code). Petitioner thereafter applied for a certificate of occupancy, and the application was denied. Petitioner appealed to respondent, asserting that the proposed use was consistent with the Code's definition, among other things. After a public hearing, a site visit and other meetings, respondent denied petitioner's appeal. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court dismissed the petition, finding that respondent's interpretation of the Code was not arbitrary, capricious, illegal or irrational. Petitioner appeals.
The property is located in the South Lake Residential District of the Town of North Elba. The Code provides that "[t]he objective of this district is to maintain its current character and intensity of development" (Joint Village of Lake Placid/Town of North Elba Land Use Code [*2]§ 2.3 [A]). Single-family and two-family residential uses are the only permitted uses in the district (see Joint Village of Lake Placid/Town of North Elba Land Use Code § 2.3 [B]). The Code defines "single-family residential," in pertinent part, as "[a] detached dwelling unit designed for year-round or seasonal occupancy by one family only," and defines a "family" as "[a] group of people, related or not related, living together as a common household, with numbers of persons and impacts typical of those of a single family" (Joint Village of Lake Placid/Town of North Elba Land Use Code § 10.2).
At the public hearing, petitioner's Assistant Headmaster and its Director of Residential Life — who was also the teacher who would live at the property and supervise the students if the planned use was approved — testified about the details of petitioner's plans for the property. Following the hearing, site visit and meetings, respondent made detailed findings of fact, none of which are in dispute on this appeal. Based upon these findings, respondent determined that petitioner's proposed use did not fall within the Code's definition of a single-family residence. Respondent's decision stated that it was based upon the "entire record," and specifically noted "the relative lack of 'permanence' in the groups of persons who would be in residence." The decision further stated that "the feeling of the property is more akin to a boarding house, group home, or dormitory than that of a single-family dwelling."
This Court does not defer to a zoning board's "pure legal interpretation of terms in an ordinance" (Matter of Shannon v Village of Rouses Point Zoning Bd. of Appeals, 72 AD3d 1175, 1177 [2010]; see Matter of Winterton Props., LLC v Town of Mamakating Zoning Bd. of Appeals, 132 AD3d 1141, 1142 [2015]). However, "that body is accorded reasonable discretion in interpreting an ordinance that addresses an area of zoning 'where it is difficult or impractical for a legislative body to lay down a rule which is both definitive and all-encompassing'" (Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d 1174, 1175 [2015], quoting Matter of Frishman v Schmidt, 61 NY2d 823, 825 [1984]). Moreover, "[a zoning board's] fact-based interpretation of a zoning ordinance that determines its application to a particular use or property is entitled to great deference" (Matter of Erin Estates, Inc. v McCracken, 84 AD3d 1487, 1489 [2011] [internal quotation marks and citations omitted]; see Matter of Frishman v Schmidt, 61 NY2d at 825; Matter of Edscott Realty Corp. v Town of Lake George Planning Bd., 134 AD3d 1288, 1290 [2015]). Whether petitioner's proposed use of the property falls within the Code's definition of a family "is essentially a factual question"; thus, we will defer to respondent's determination unless it was irrational or unreasonable (Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead, 45 NY2d 266, 274 [1978]; see Matter of Lumberjack Pass Amusements, LLC v Town of Queensbury Zoning Bd. of Appeals, 145 AD3d 1144, 1145 [2016]).
Respondent's observation of a lack of permanence in the population residing in the property is supported by its findings that the identities of the student residents would change from year to year, that no student would reside in the property for more than two years, that students would stay at the property only during the academic year and would be required to leave during school breaks and vacations, that they would not use the property's address as their own and that their permanent addresses would be elsewhere. Respondent further considered the layout of the property, including the relationship between bedrooms and bathrooms and the fact that a separate part of the residence was allocated to the teacher and spouse. Additionally, respondent's findings reveal that students would not normally eat meals at the residence and would not share common household activities and responsibilities. Thus, we find a rational basis in the record for respondent's conclusion that petitioner's proposed use was not consistent with the Code's definition of a family (see City of Schenectady v Alumni Assn. of Union Ch., Delta Chi Fraternity, 5 AD2d 14, 15 [1957]; Matter of Bayram v City of Binghamton, 27 Misc 3d 1032, 1034-1037 [Sup Ct, Cortland County 2010]; compare Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead, 45 NY2d at 272-274; City of White Plains v Ferraioli, 34 NY2d 300, 303-306 [1974]; Matter of Gabriel v New Rochelle Bd. of Appeals on Zoning, 139 AD2d 740, 740-741 [1988]; Cole v Town of Esopus, 55 Misc 3d 382, 387-391 [Sup Ct, Albany County 2016]).
Petitioner's remaining contentions may be briefly addressed. Petitioner's assertion that its application should have been granted "the special treatment afforded schools and churches stem[ming] from their presumed beneficial effect on the community" is without merit (Cornell Univ. v Bagnardi, 68 NY2d 583, 595 [1986])[FN1]. Petitioner did not seek a special use permit to allow the expansion of its educational functions into a residential neighborhood; such an application would have required respondent to balance the benefits of the proposed use to the community against potential harm and "to review the effect of the proposed expansion on the public's health, safety, welfare or morals" (Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau, 5 NY3d 407, 413 [2005]; see Trustees of Union Coll. in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161, 165-167 [1997]; Cornell Univ. v Bagnardi, 68 NY2d at 592-596). Instead, petitioner asked respondent to interpret a specific term in the Code and apply the term to petitioner's proposed use — an analysis in which such a balancing process plays no role. Finally, petitioner's claim that the Code's definition of the term "family" is unconstitutionally vague was raised for the first time on this appeal and was not included in the petition; thus, it is unpreserved for our review (see Matter of Town of Rye v New York State Bd. of Real Prop. Servs., 10 NY3d 793, 795 [2008]; Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 974 [2016], lv denied 29 NY3d 907 [2017]).
Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: We reject respondent's claim that this issue is unpreserved; petitioner included these arguments in both the appeal to respondent and the petition (see Matter of Heights of Lansing, LLC v Village of Lansing, 160 AD3d 1165, 1168 n [2018]).