Matter of Fox v Town of Geneva Zoning Bd. of Appeals (2019 NY Slip Op 07160)





Matter of Fox v Town of Geneva Zoning Bd. of Appeals


2019 NY Slip Op 07160


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


786 CA 18-01304

[*1]IN THE MATTER OF STEPHEN FOX, PETITIONER-PLAINTIFF-APPELLANT,
v
TOWN OF GENEVA ZONING BOARD OF APPEALS, TOWN OF GENEVA, MARK VENUTI, IN HIS CAPACITY AS TOWN SUPERVISOR OF TOWN OF GENEVA, FLOYD KOFAHL, IN HIS CAPACITY AS CODE ENFORCEMENT OFFICER OF TOWN OF GENEVA AND LORRIE S. NAEGELE, IN HER CAPACITY AS TOWN CLERK OF TOWN OF GENEVA, RESPONDENTS-DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






WEAVER MANCUSO FRAME LLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
BARTH SULLIVAN BEHR, SYRACUSE (LAUREN MILLER OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered May 7, 2018 in a CPLR article 78 proceeding and action under 42 USC 
§§ 1983, 1985 and 1988. The judgment dismissed the first cause of action in the petition-complaint.
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the first cause of action in the petition-complaint is granted.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and action under 42 USC §§ 1983, 1985, and 1988 seeking, inter alia, to annul the determination of respondent-defendant Town of Geneva Zoning Board of Appeals (ZBA) affirming in part the order to remedy issued by respondent-defendant Floyd Kofahl, in his capacity as Code Enforcement Officer of respondent-defendant Town of Geneva, upon his decision that petitioner's property was in violation of certain provisions of the Town of Geneva Code (Code) as then written. The ZBA determined, among other things, that the breakwall, septic system retaining wall, and north side retaining wall (collectively, walls) constructed on petitioner's lakefront property constituted fences as defined by Code former § 77-1, and that petitioner's property was in violation of the permitting and other requirements of the Code attendant to the status of the walls as fences. In appeal No. 1, petitioner appeals from a judgment that dismissed the first cause of action in the petition-complaint seeking to annul the ZBA's determination and to vacate the order to remedy. In appeal No. 2, petitioner appeals from an order that denied petitioner's motion for leave to renew the first cause of action.
It is well settled that "[l]ocal zoning boards have broad discretion, and [a] determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence' " (Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle, 18 AD3d 750, 750 [2d Dept 2005], quoting Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). "The interpretation by a zoning board of its governing code is generally entitled to great deference by the courts" (Matter of Emmerling v Town of Richmond Zoning Bd. of Appeals, 67 AD3d 1467, 1467 [4th Dept 2009]; see Appelbaum v Deutsch, 66 NY2d 975, 977-978 [1985]) and, so long as the interpretation "is neither [*2] irrational, unreasonable nor inconsistent with the governing [code],' it will be upheld" (Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 419 [1998]). " Where, however, the question is one of pure legal interpretation of [the code's] terms,' deference to the zoning board is not required" (Emmerling, 67 AD3d at 1467-1468, quoting Matter of Toys "R" Us v Silva, 89 NY2d 411, 419 [1996]). Additionally, a determination by the zoning board that " runs counter to the clear wording of a [code] provision' is given little weight" (Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 103 [1997]; see Emmerling, 67 AD3d at 1468).
We agree with petitioner in appeal No. 1 that the determination of the ZBA lacks a rational basis and is not supported by substantial evidence. Initially, the parties agree that the primary issue is whether the walls—the existence and characteristics of which are not in dispute—fall within the definition of fences under the Code, and we conclude that deference to the ZBA is not required inasmuch as "[t]he issue posed is susceptible to resolution as a matter of law by interpretation of the [Code] terms" (Matter of Winterton Props., LLC v Town of Mamakating Zoning Bd. of Appeals, 132 AD3d 1141, 1142 [3d Dept 2015]; see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515-517 [2d Dept 2006]; Matter of Mack v Board of Appeals, Town of Homer, 25 AD3d 977, 979-980 [3d Dept 2006]). In relevant part, Code former § 77-1 defines "fence" as "[a]ny structure, regardless of composition, . . . that is erected or maintained for the purpose of enclosing a piece of land or dividing a piece of land into distinct portions." It is well established that an "ordinance is to be construed as a whole, reading all of its parts together to determine the legislative intent and to avoid rendering any of its language superfluous" (Matter of Erin Estates, Inc. v McCracken, 84 AD3d 1487, 1489 [3d Dept 2011]). Moreover, where, as here, "the language of a[n ordinance] is clear and unambiguous, courts must give effect to its plain meaning" (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 [2001]). Contrary to the ZBA's determination and the interpretation advocated by respondents-defendants, both of which improperly read out of Code former § 77-1 the language regarding purpose, we agree with petitioner that the purpose of erecting or maintaining the structure is central to whether the structure meets the definition of a "fence."
Here, the undisputed relevant evidence establishes that the walls do not fall within the plain meaning of fences as defined by Code former § 77-1 inasmuch as they were not erected for the purpose of enclosing or dividing a piece of land (see Winterton Props., LLC , 132 AD3d at 1143; Erin Estates, Inc., 84 AD3d at 1489; Emmerling, 67 AD3d at 1468). Instead, the breakwall was constructed to maintain the shoreline of the lake in light of the future construction of a house on petitioner's property, the septic system retaining wall was constructed to secure the integrity of the proposed leach field, and the north side retaining wall was constructed to provide better drainage and avoid soil erosion. We thus conclude that the ZBA's determination affirming the order to remedy with respect to the violations of the Code that depend on the walls being considered fences lacks a rational basis and is not supported by substantial evidence.
We further agree with petitioner in appeal No. 1 that the ZBA's determination affirming the order to remedy with respect to the remaining violations of the Code is not supported by substantial evidence (see generally Toys "R" Us, 89 NY2d at 419).
We therefore reverse the judgment in appeal No. 1 and grant the first cause of action in the petition-complaint, thereby annulling the ZBA's determination and vacating the order to remedy. In light of our determination in appeal No. 1, we do not consider petitioner's remaining contentions therein and, furthermore, the appeal in appeal No. 2 is moot (see JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1624 [4th Dept 2016]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court