In the Matter of O. ARTHUR RINGEWALD, Appellant, v. HERBERT C. STRUPPMANN, as Building Inspector of the Incorporated Village of Upper Brookville, et al., Respondents.— Petitioner is the owner of a 2½-acre interior parcel of property, located about 1,000 feet west of a county highway known as Wolver Hollow Road. Petitioner also owns a 15-foot wide strip of land which runs from his interior parcel to such county highway and abuts the highway. On May 21, 1959, the building inspector issued a building permit to petitioner to construct a one-family house on his interior parcel. Based on that permit, petitioner let contracts and made other expenditures. On June

23, 1959, the building permit was revoked. It is undisputed that the expenditures made by petitioner on the basis of the May 21, 1959 permit were sufficient to give him a vested right therein if the permit was validly issued. It is also undisputed that the building permit and the application therefor complied in all respects with the requirements of the then local building zone ordinance. If access to the proposed structure is provided from Wolver Hollow Road, there will be compliance with subdivision 2 of section 179-o of the Village Law (cf. *Matter of Annandale, Inc.*, v. *Brienza*, 1 A D 2d 785, motion for leave to appeal denied, 2 N Y 2d 707; Town Law, § 280-a, subds. 1, 5). Under section 239-k of the General Municipal Law, it was the building inspector's duty to forward promptly the application for the building permit to the county authorities for approval. His failure to perform his duty and to forward the application to the county authorities prior to his issuance of the permit on May 21, 1959, should not be allowed to prejudice petitioner's right to the permit. Nolan, P. J., Beldock, Ughetta and Pette, JJ., concur; Brennan, J., concurs in result.