■ In the Matter of ALAN PORIANDA et al., Respondents, v STANLEY P. AMELKIN, as Chairman of the Zoning Board of Appeals of the Town of Huntington, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated October 25, 1984, which granted the petition.

Judgment affirmed, without costs or disbursements.

Appellant Thomas Brown seeks permission to erect a 1,080 square-foot "garage" on his property in order to be able to "park" his 32-foot speedboat. The Town of Huntington, by letter dated February 16, 1984, informed Mr. Brown that his proposed "garage" was oversized, in that Code of Town of Huntington § 198-2 limits the size of garages to 750 square feet. Mr. Brown was also informed that his proposed "garage" could not, as an accessory structure, be located in the front yard. Mr. Brown's wife, appellant Sandra Brown, thereafter applied for a variance. After a hearing before the Town of Huntington Zoning Board of Appeals, at which Mr. Brown was the sole witness in support of the application, the application was conditionally granted. The instant article 78 proceeding was thereafter commenced by certain residents of Norfolk Drive, Huntington, who reside within 200 feet of the subject property and who sought to have the determination of the Zoning Board of Appeals annulled. Special Term granted this petition and annulled the determination. This appeal followed, and we now affirm.

Mr. Brown argues that the proposed structure is permitted

as of right as an "accessory building" as defined in the Code. The Zoning Board of Appeals also contends that the proposed structure is an "accessory building," so that it is permitted as of right in this residential zone *(see,* Code of Town of Huntington § 198-13 [B] [7]). We do not agree. The record establishes conclusively that Mr. Brown seeks to build an unusually large structure in which to store and service his boat. While boating may be a popular hobby in Mr. Brown's neighborhood, the record is devoid of proof that the type of structure proposed would be "customarily found in connection with" the type of one-family residence to be built on the subject plot so as to qualify it as an "accessory building" (Code of Town of Huntington § 198-2 [B]). Indeed, there is no proof that such structures exist anywhere in similar residential zones, much less that such structures are "customarily found" in such zones. This failure of proof is fatal *(see, Matter of Presnell v Leslie,* 3 NY2d 384). "It is clear that, in the conduct of a hobby, the scale of its operation may well carry it beyond what is customary or permissible" *(Matter of Presnell v Leslie, supra,* at pp 387-388). In short, the proposed structure, more accurately described as a boathouse than as a garage, has not been shown to qualify as an "accessory building," and hence is not permitted as of right.

We find that Mr. Brown has also failed to establish a right to a use variance under the criteria set forth in *Matter of Otto v Steinhilber* (282 NY 71, 76, *rearg denied* 282 NY 681). Indeed, there was no effort made to establish the right to a use variance, since it appears that the Zoning Board of Appeals considered the proposed structure to be a "garage". Thus, the determination of the Zoning Board of Appeals to allow the erection of such a structure can only be characterized as arbitrary, and Special Term properly ordered that said determination be annulled. In light of this determination, we pass on no other issue. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.