■ In the Matter of JOSEPH BRANCATO, Respondent, v ZONING BOARD OF APPEALS OF THE CITY OF YONKERS, N.Y., Respondent, and THOMAS O'DONOGHUE et al., Appellants. [817 NYS2d 361]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of the City of Yonkers, N.Y., dated July 21, 2004, which, after a hearing, granted the application of Thomas O'Donoghue, Monna MacLellan, Alan Brown, and Marion Brown to revoke the building permit issued to the petitioner, Thomas O'Donoghue, Monna MacLellan, Alan Brown, and Marion Brown appeal from a judgment of the Supreme Court, Westchester County (Lippman, J.), entered January 21, 2005, which granted the petition, annulled the determination, and reinstated the building permit.

Ordered that the judgment is affirmed, with costs.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference (*see Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton*, 7 AD3d 710, 711 [2004]; *Matter of Home Depot USA v Baum*, 243 AD2d 476, 478 [1997]), and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]; *Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals*, 298 AD2d 458, 458-459 [2002]).

"Nevertheless, a narrow but well recognized exception to this rule exists where 'the question is one of pure legal interpretation of statutory terms,' in which case deference to the zoning board is not required" (*Matter of 151 Rte. 17M Assoc., LLC v Zoning Bd. of Appeals of Vil. of Harriman*, 19 AD3d 422, 424 [2005], *lv denied* 6 NY3d 709 [2006], quoting *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996]; *see Matter of New York Botanical Garden v Board of Stds. & Appeals of City*

*of N.Y.*, 91 NY2d 413, 419 [1998]). The issues presented here fall within the ambit of this rule, since the relevant facts are undisputed, the questions presented involve "pure legal interpretation" (*Matter of 151 Rte. 17M Assoc., LLC v Zoning Bd. of Appeals of Vil. of Harriman, supra* at 424), and the "special expertise" of the Zoning Board of Appeals is not implicated (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., supra* at 419). Furthermore, any ambiguities in a zoning ordinance must be resolved in favor of the property owner (*see Matter of Sposato v Zoning Bd. of Appeals of Vil. of Pelham*, 287 AD2d 639, 639 [2001]; *Matter of Hogg v Cianciulli*, 247 AD2d 474, 474-475 [1998]).

The appellants contend that the building permit at issue here was improperly issued because the subject property does not front on a street recorded on the official map of the City of Yonkers, and because the property constitutes a "flag lot." As the Supreme Court correctly held, both of these arguments are without merit because the Zoning Board of Appeals, in setting aside the building permit here, incorrectly interpreted the relevant provisions of the Zoning Code of the City of Yonkers (hereinafter the Yonkers Zoning Code).

The Yonkers Zoning Code requires that "[e]very lot shall be required to front on a street which is recorded on the Official City Map" (Yonkers Zoning Code § 43-33 [c]). It is undisputed that McCorkle Street is depicted on the official city map. The zoning code defines a street as "any vehicular and/or pedestrian right-of-way shown on the Official Map of the City of Yonkers" and a right-of-way is, in turn, defined as "an easement for ingress and egress, sometimes together with the right to maintain utilities within the easement area" (Yonkers Zoning Code § 43-8). By these definitions, frontage on McCorkle Street, on which the subject property is located, is sufficient to satisfy the frontage requirements of the zoning code. Contrary to the appellants' contention, there is no requirement that a street be improved in order to be placed on the official city map. In fact, the official city map, as defined in the zoning code, is required to include all proposed public streets and rights-of-way, as well as existing public streets and rights-of-way (Yonkers Zoning Code § 43-8; *see* Charter of City of Yonkers, §§ C21-1—C21-3).

The building permit at issue here was similarly not inconsistent with the requirements of General City Law § 36 (1). "General City Law § 36 (1) requires only that a proposed new building have reasonable access to a mapped street or highway, in order to provide adequate means of coping with fires and other emergencies" (*American Nassau Bldg. Sys. v Press*, 143 AD2d

789, 792 [1988]; *cf. Matter of Ringewald v Struppman*, 14 AD2d 547, 548 [1961]; *Matter of Annandale, Inc. v Brienza*, 1 AD2d 785 [1956]). The subject property satisfies this requirement.

Further, the subject property does not constitute a "flag lot" as that term is defined in the Yonkers Zoning Code. Section 43-8 of the Yonkers Zoning Code defines a flag lot as "a lot which does not meet the minimum lot width requirements and where access from the lot to the public road is by means of a narrow private right-of-way or driveway." Since it is undisputed that the subject lot meets the minimum lot width requirements, it does not constitute an impermissible flag lot.

The appellants' remaining contentions are without merit. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.