■ In the Matter of JEFFREY LOUCHHEIM et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF SOUTHAMPTON et al., Respondents. [843 NYS2d 180]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southampton dated October 20, 2005, which granted the application of NL Housing, LLC, for a variance permitting the enlargement or extension of a preexisting nonconforming use, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered May 16, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the application for a variance to extend a nonconforming use is denied.

In 2005 NL Housing, LLC (hereinafter NL), submitted an application to the Zoning Board of Appeals of the Town of Southampton (hereinafter the ZBA) for a variance to allow expansion of two structures on certain real property which benefitted from a preexisting nonconforming use as a labor camp for migrant workers. The ZBA granted the variance for an expansion not exceeding 50% of the floor area of the existing structures (*see* Code of Town of Southampton [hereinafter Southampton Code] § 330-167 [B] [1] [a]). The petitioners correctly contend that the ZBA's determination violated Southampton Code § 330-167 (B) (1) (a), which authorizes the ZBA to grant a variance permitting the enlargement or extension of no more than 50% of the floor area of a nonconforming use, as measured from the date the use first became nonconforming (hereinafter the 50% rule).

Ordinarily, "[i]n a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference" (*Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.,* 30 AD3d 515, 515 [2006]; *see Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton,* 7 AD3d 710, 711 [2004]; *cf. Matter of Home Depot USA v Baum,* 243 AD2d 476, 478 [1997]). Where, however, as here, the question is one of purely legal interpretation of statutory terms, deference to the zoning board's interpretation of its zoning ordinance is not required (*see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.,* 30 AD3d 515 [2006]).

It is undisputed that the first of the two structures was erected prior to the enactment of the first zoning ordinance in 1957. The second structure was added in 1964, after a building permit and a certificate of occupancy were issued. In granting NL's application for a variance to extend these uses, the ZBA concluded that the first structure did not constitute a nonconforming use upon the enactment of the first zoning ordinance in 1957, reasoning that the building permit and certificate of occupancy would otherwise not have been issued in 1963 and 1964 when the second structure was added. We disagree. The use as migrant housing became nonconforming upon the enactment of the 1957 ordinance. When the second structure was added, the zoning ordinance in effect at that time allowed for the expansion of a nonconforming use to include a second structure. The ZBA incorrectly interpreted the issuance of a certificate of occupancy as evidence of the existence of a conforming use. Thus, the grant of the present variance violated the 50% rule articulated in Southampton Code § 330-167 (B) (1) (a) (*see Matter of Gladstone v Rush*, 277 AD2d 313, 313-314 [2000]), which must be applied to the floor area existing when the use first became nonconforming in 1957.

In view of the foregoing, we need not reach the parties' remaining contentions with respect to the State Environmental Quality Review Act (*see* ECL art 8). Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.