■ In the Matter of J & M HARRIMAN HOLDING CORP., Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF HARRIMAN et al., Respondents, et al., Respondent. [879 NYS2d 494]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Harriman dated August 2, 2006, which, after a hearing, upheld the issuance of a building permit by the Village Building Inspector to Harriman Auto, to install a 48-foot-by-20-foot fence, the petitioner J&M Harriman Holding Corp., appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered October 10, 2007, which dismissed the proceeding based on lack of standing.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the application for a building permit to install a 48-foot-by-20-foot fence is denied.

The Supreme Court found that the petitioner lacked standing to challenge the determination of the Zoning Board of Appeals of the Village of Harriman (hereinafter ZBA) upholding the issuance of a building permit to install a fence for an automobile holding area to the respondents Gregory Epsaro and Harriman Auto. We reverse.

The petitioner established that its property was in close proximity to the subject property, that the installation of the fence to create an impound lot would change the character of the neighborhood, and that the value of its property would be affected (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 410, 413-414 [1987]; *Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843 [2005]; *Matter of John John, LLC v Planning Bd. of Town of Brookhaven*, 15 AD3d 486 [2005]). Thus, the Supreme Court erred in dismissing the petition based on lack of standing, and we will reach the merits (*see Matter of Nicklin-McKay v Town of Marlborough Planning Bd.*, 14 AD3d 858 [2005]).

The ZBA erroneously determined that the Village Building Inspector had the authority to issue a building permit for the

construction of a fence on commercial property without site plan approval by the Planning Board of the Village of Harriman (hereinafter the Planning Board). As a general rule, a zoning board's interpretation of its zoning ordinance is entitled to great deference (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996]; *Matter of Louchheim v Zoning Bd. of Appeals of Town of Southampton*, 44 AD3d 771 [2007]; *Matter of 151 Rte. 17M Assoc., LLC v Zoning Bd. of Appeals of Vil. of Harriman*, 19 AD3d 422 [2005]). Where, however, as here, the question is one of purely legal interpretation of statutory terms, deference to the zoning board's interpretation of its zoning ordinance is not required (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998]; *Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515 [2006]; *Matter of Jansen Ct. Homeowners Assn. v City of New York*, 17 AD3d 588 [2005]).

The plain language of the Village of Harriman Zoning Code § 140-45 (A) clearly states that site plan approval by the Planning Board for all special permitted uses shall be required prior to the issuance of a building permit for the construction of a structure. As the subject property operates an auto repair shop pursuant to a special permitted use, and a fence is defined as a structure (*see* Zoning Code § 140-4), the Planning Board was required to approve a site plan indicating the fence prior to the issuance of the building permit.

The parties' remaining contentions are without merit. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.