■ In the Matter of GEORGE HENDERSON et al., Appellants, v ZONING BOARD OF APPEALS et al., Respondents, et al., Respondents. [897 NYS2d 518]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Mamaroneck Zoning Board of Appeals dated June 7, 2007, made after a hearing, that, inter alia, property designated as 818 The Crescent in the Village of Mamaroneck complied with the square footage requirement of the R-15 zoning district and the gross floor ratio requirement of the applicable zoning code, the petitioners appeal (1), as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Adler, J.), entered August 15, 2008, as granted those branches of the separate motions of the respondents Richard Ottinger and June Ottinger and the respondent Zoning Board of Appeals which were pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the fourth and fifth causes of action insofar as asserted against those respondents and the entire petition insofar as asserted against those respondents by the petitioners Suzanne McCrory, Leonard Weiss, and Eleanor Weiss, dismissed the fourth and fifth causes of action insofar as asserted against those respondents, and dismissed the proceeding insofar as asserted by the petitioners Suzanne McCrory, Leonard Weiss, and Eleanor Weiss against those respondents, and (2) from a judgment of the same court entered March 17, 2009, which denied the petition and dismissed the proceeding insofar as asserted by the petitioners George Henderson and Irene Henderson.

Ordered that the order and judgment entered August 15, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment entered March 17, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The petitioners commenced this proceeding seeking to annul a determination of the Village of Mamaroneck Zoning Board of Appeals (hereinafter the ZBA), set forth in portions of a resolution dated June 7, 2007, which upheld the issuance of a building permit issued to the respondents Richard Ottinger and June Ottinger (hereinafter together the Ottingers), based upon its findings that both the proposed construction and the subject property complied with applicable zoning code provisions. "[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of Lucas v Village of Mamaroneck*, 57 AD3d 786, 787 [2008]; *Matter of Brunjes v Nocella*, 40 AD3d 1088, 1088-1089 [2007]). Here, it is undisputed

that the petitioners Suzanne McCrory, Leonard Weiss, and Eleanor Weiss failed to pursue an available administrative remedy pursuant to Code of Village of Mamaroneck § 342-90, which authorizes an appeal to the ZBA from the issuance of a building permit. Contrary to the contentions of these petitioners, they were required to challenge the issuance of the building permit before the ZBA prior to commencing this proceeding. Since they did not, the Supreme Court properly granted those branches of the separate motions of the Ottingers and the ZBA which were to dismiss the proceeding insofar as asserted against them by those petitioners for failure to exhaust administrative remedies. The Supreme Court also properly granted those branches of the separate motions of the Ottingers and the ZBA pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the fourth and fifth causes of action insofar as asserted against them, although it should have done so on a ground other than that upon which it relied. The Supreme Court should have dismissed those causes of action insofar as asserted against those respondents for failure to state a cause of action, since even if the allegations set forth therein were true, the petitioners would not thereby be entitled to the relief they seek here, specifically, the annulment of the ZBA's determination (*see* CPLR 3211 [a] [7]; *Matter of Wilson v Board of Educ. Harborfields Cent. School Dist.*, 65 AD3d 1158 [2009]).

Additionally, under a zoning ordinance which authorizes interpretation of its requirements by a board of appeals, such as Code of Village of Mamaroneck § 342-91, "a zoning board's interpretation of its zoning ordinance is entitled to great deference . . . and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006]; *see Matter of 1215 N. Blvd., LLC v Board of Zoning Appeals of Town of N. Hempstead*, 63 AD3d 1071, 1072 [2009]; *Matter of Conti v Zoning Bd. of Appeals of Vil. of Ardsley*, 53 AD3d 545, 547 [2008]). Here, the ZBA's interpretation of the zoning code provision in dispute was reasonable, not arbitrary and capricious, and rational. Accordingly, the ZBA's determination that both the proposed construction and the subject property complied with both the square footage and the gross floor area ratio requirements of the zoning code that were applicable at the time that the building permit application was submitted, was not illegal, not arbitrary and capricious, and not an abuse of discretion.

The petitioners' remaining contentions are without merit. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.