■ In the Matter of EAST HAMPTON INDOOR TENNIS CLUB, LLC, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF EAST HAMPTON et al., Respondents. [921 NYS2d 308]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton dated October 14, 2009, which, after a hearing, affirmed a determination of the Chief Building Inspector of the Town of East Hampton that the proposed use of the subject premises by the Ross School was a permitted accessory use under the Town Code of the Town of East Hampton, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), entered January 25, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Ross School (hereinafter the school) operates a private school for students in grades 5 through 12 on property located within an "A-5 Residential" zoning district in the Town of East Hampton. The school holds several special permits allowing it to operate as a "semipublic facility" under Town Code of the Town of East Hampton (hereinafter the Town Code) § 255-1-20.

In 2008 the school submitted a combined site plan and special permit application to the Planning Board of the Town of East Hampton (hereinafter the Planning Board) in connection with its proposal to erect and use on-site recreational facilities consisting of, among other things, playing fields, basketball courts, and tennis courts. The application was later amended to include a request for permission to construct a "tennis pavilion" adjacent to the tennis courts, and a "seasonally inflated

bubble-dome" that was to enclose the tennis courts during the winter months.

After the school's amended application was submitted, the petitioner, which operates an indoor tennis facility in the Town, requested the Chief Building Inspector of the Town of East Hampton to provide an interpretation of the zoning provisions of the Town Code so as to determine how the school's proposed recreational facilities would be classified under the Town Code. Citing certain newspaper articles, the petitioner contended that the school intended to use the facilities to conduct "year-round fee based" tennis programs for the general public, and that such use effectively rendered the facilities a "tennis business." As such, the petitioner argued that the facilities should be classified as a "Major Recreation Facility" within the meaning of Town Code § 255-1-20, a use prohibited within an "A-5 Residential" zone. The Planning Board also requested that the Chief Building Inspector determine whether the use of the facility, if routinely rented out to groups or individuals, or open to the public for a fee for a significant number of hours, would be a permitted accessory use to a semipublic facility.

The Chief Building Inspector, noting that he had received narratives from all interested parties, determined that "being open to the general public after school hours, on weekends, and during the summer would not constitute the use being labeled as a 'Major Recreational Facility' as defined by the [Town Code]." He explained that two local public schools had advised him that they, too, made their facilities available to outside groups when school was not in session, on weekends, and during the summer. He noted, however, that if the facilities were used by the public when school was in session, whether fees were incurred or not, such a use would be considered a "Major Recreation Facility," which would not be permitted in the residential zoning district.

The petitioner then appealed the Chief Building Inspector's determination to the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA) pursuant to Town Code § 255-8-30 (A). After a public hearing, the ZBA affirmed the Chief Building Inspector's determination. The ZBA concluded that, as the Town Code did not define accessory uses to schools, it was reasonable for the Chief Building Inspector to look to other schools in the area for guidance. The ZBA further determined that the restriction of the public's use of the facilities to times when school was not in session was rational and consistent with the customary practices of similar facilities.

The petitioner then commenced this proceeding pursuant to

CPLR article 78 to review the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Initially, contrary to the contentions of the ZBA, the school, and Galapagos Hampton, Inc., the petitioner does not lack standing to prosecute this proceeding. The petitioner established that it held a legal interest in properties located in close proximity to the subject property, including properties required to receive notice of the administrative hearing, and demonstrated that certain alleged injuries, aside from the threat of increased business competition, were within the "zone of interest[s]" protected by the zoning laws (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 412, 413-414 [1987]; *Matter of J & M Harriman Holding Corp. v Zoning Bd. of Appeals of Vil. of Harriman*, 62 AD3d 705, 706 [2009]; *Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843, 844 [2005]; *Matter of Duke & Benedict v Town of Southeast*, 253 AD2d 877, 878-879 [1998]; *Golden v Steam Heat*, 216 AD2d 440, 441 [1995]; *cf. Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington*, 57 AD3d 683, 684 [2008]).

Turning to the merits, "[i]n a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006] [citations omitted]; *see Matter of Henderson v Zoning Bd. of Appeals*, 72 AD3d 684, 685 [2010]; *Matter of 1215 N. Blvd., LLC v Board of Zoning Appeals of Town of N. Hempstead*, 63 AD3d 1071, 1072 [2009]). While there is a well-recognized exception to this rule where the question is one of purely legal interpretation of statutory terms (*see Matter of J & M Harriman Holding Corp. v Zoning Bd. of Appeals of Vil. of Harriman*, 62 AD3d at 707; *Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d at 515), this exception does not apply in the instant case, as the analysis of whether the proposed accessory use is incidental to and customarily found in connection with the principal use of the property is, to a great extent, fact-based (*see Matter of Incorporated Vil. of Atl. Beach v Zoning Bd. of Appeals of Town of Hempstead*, 94 NY2d 842, 843 [1999]; *Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 420 [1998]; *Matter of Palm Mgt. Corp. v Goldstein*, 29 AD3d 801, 803 [2006], *affd* 8 NY3d 337 [2007]).

Here, the petitioner does not dispute that recreational facilities, such as playing fields and tennis courts, are, in general, customary and incidental to the educational purpose of a school (*see Town of Islip v Dowling Coll.*, 275 AD2d 366 [2000]). Instead, the petitioner contends that the subject facilities should be treated differently because the school intends to use the facilities to conduct year-round, fee-based programs for the general public. The ZBA considered this proposed use, inquired into the customary practices at other local schools, and reasonably determined that the subject facilities would still constitute uses accessory to the primary educational purpose of the school so long as any public use was restricted to hours when school was not in session. Affording the ZBA's determination appropriate deference, we cannot say that its classification of the subject facilities as an accessory use was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d at 421).

The parties' remaining contentions are without merit. Rivera, J.P., Chambers, Hall and Lott, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32231(U).]**