In the Matter of NICHOLAS WITKOWICH, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF YORKTOWN et al., Respondents. [923 NYS2d 645]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown dated June 28, 2010, made after a hearing, that a garage proposed to be erected upon the real property of Andrew Sabo was a permitted use accessory to a residential structure, that erection of the garage according to the plans submitted by Andrew Sabo did not require an area variance, and which affirmed the issuance of a building permit by the Town of Yorktown Building Inspector to Andrew Sabo for the construction of the garage, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Loehr, J.), dated August 19, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the building permit issued by the Town of Yorktown Building Inspector to Andrew Sabo for the construction of a garage, according to the plans submitted by Andrew Sabo, is vacated.

Andrew Sabo was issued a building permit, in 2009, to construct a large garage on a lot located in an R-2 residential zoning district in the Town of Yorktown. The petitioner commenced an administrative proceeding before the Zoning Board of Appeals of the Town of Yorktown (hereinafter the ZBA), inter alia, challenging the issuance of the permit. The ZBA affirmed the issuance of the permit, and determined that the garage, as proposed by Sabo, was a permitted use accessory to his residence and did not require an area variance. The petitioner instituted this CPLR article 78 proceeding to review the ZBA's determination.

Judicial review of a determination by a zoning board is generally limited to determining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1146-1147 [2009]; Matter of Pasceri v Gabriele, 29 AD3d 805, 805-806 [2006]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771 [2005]). "Where the determination of a zoning board of appeals is rational" and supported by evidence in the record, "a reviewing court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the

record" (*Matter of Rossney v Zoning Bd. of Appeals of the Inc. Vil. of Ossining*, 79 AD3d 894, 895 [2010]; *see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 5 NY3d 236, 241 [2005]; *Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]).

Here, however, the determination of the ZBA that the proposed garage constituted a permitted "accessory" building, as defined by Town of Yorktown Zoning Ordinance § 300-3 [B], is not rationally based. That ordinance defines an "accessory" building as a "subordinate building . . . the use of which is customarily incidental to that of a main building on the same lot."

The record demonstrates that the proposed garage, designed to house at least eight or nine automobiles, would have nearly twice the square footage of Sabo's residence. In addition, there is insufficient evidence to support a finding that the use of structures of this size as garages is "customarily incidental" to residential homes in the subject neighborhood. Although a zoning board may properly rely upon personal knowledge of board members regarding the characteristics of a neighborhood (*see Matter of Thirty W. Park Corp. v Zoning Bd. of Appeals of City of Long Beach*, 43 AD3d 1068, 1069 [2007]; *Matter of North Shore F.C.P., Inc. v Mammina*, 22 AD3d 759, 760 [2005]), here, there is no indication that the members of the ZBA relied on evidence of any specific accessory structures in the neighborhood, or as to the dimensions or uses of any such structures. In addition, although Sabo submitted letters from friends and neighbors asserting that there are several accessory buildings in the vicinity that are similar to the proposed garage, those letters did not detail the locations or dimensions of those structures. Under these circumstances, the ZBA lacked a rational evidentiary basis to support its finding that the proposed garage constitutes a permissible accessory building, within the meaning of the subject zoning ordinance. Accordingly, the ZBA's determination was arbitrary and capricious (*see Matter of Porianda v Amelkin*, 115 AD2d 650, 650-651 [1985]; *see also Matter of Presnell v Leslie*, 3 NY2d 384, 387-388 [1957]; *Matter of J & M Harriman Holding Corp. v Zoning Bd. of Appeals of Vil. of Harriman*, 62 AD3d 705, 706-707 [2009]).

The ZBA's determination that no area variances were required for the proposed garage was also arbitrary and capricious. Pursuant to the subject zoning ordinance, an accessory building must be no more than 15 feet in height (*see* Town of Yorktown Zoning Ordinance § 300-21, Appendix A). The relevant zoning ordinance further provides that an accessory building over 15 feet in height must be located 25 feet from the main

building on the site (see Town of Yorktown Zoning Ordinance § 300-14 [B], [C]), and defines the "height" of a building with reference to the grade of the property (see Town of Yorktown Zoning Ordinance § 300-3 [B]). The plans submitted by Sabo failed to show the grade of the property, and there is no other evidence as to that issue in the record. Consequently, the "height" of the garage, as defined by the zoning ordinance, cannot be determined by the record. Further, the plans also show that the height of the proposed garage, as measured from the base of the proposed structure itself, would be over 15 feet. Since there was no evidence in the record to support the ZBA's determination that the garage would be less than 15 feet high under any definition, that determination was arbitrary and capricious (see Matter of J & M Harriman Holding Corp. v Zoning Bd. of Appeals of Vil. of Harriman, 62 AD3d at 706-707; cf. Matter of Hoffmann v Gunther, 245 AD2d 511, 512-513 [1997]), as was the ZBA's concomitant determination that Sabo did not require an area variance to construct the garage in accordance with his plans. Covello, J.P., Eng, Chambers and Miller, JJ., concur.