In the Matter of ROBERT E. HAVELL REVOCABLE TRUST et al., Respondents, v ZONING BOARD OF APPEALS OF VILLAGE OF MONROE, Appellant. [8 NYS3d 353]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Monroe dated November 14, 2012, made after a hearing, inter alia, that the proposed use of the petitioners' properties for tire sales and service was a conditional use rather than a use permitted as of right pursuant to the Zoning Code of the Village of Monroe, the Zoning Board of Appeals of the Village of Monroe appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated April 2, 2013, which, upon an order of the same court dated March 4, 2013, granted the petition, annulled the determination, and directed the Building Inspector of the Village of Monroe to deem the proposed use to be a permitted use.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioners own two adjacent parcels of real property located in the general business zoning district (hereinafter GB District) of the Village of Monroe. In early 2012, the petitioners entered into a contract to sell the parcels to Goddard Develop-

ment Partners IV, LLC (hereinafter Goddard). Goddard intended to use the parcels for tire sales and automotive repair services. In a letter dated April 5, 2012, the Assistant Building Inspector of the Village advised Goddard that the proposed use of the parcels for automotive tire sales and service was a conditional use, as indicated in column C of the Village's Zoning Schedule I-F, Table of Use Requirements, GB District, rather than a use permitted as of right. Subsequently, in a decision dated November 14, 2012, the Village's Zoning Board of Appeals (hereinafter the ZBA) denied Goddard's application for an interpretation of the zoning provisions of the Code of the Village of Monroe (hereinafter the Zoning Code) that the proposed use was a use permitted as of right. The ZBA determined that the proposed use of the properties for tire sales was instead a conditional use, requiring a conditional use permit and site plan approval.

The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In an order dated March 4, 2013, the Supreme Court concluded that it was obligated to grant the petition because the ZBA failed to submit a certified transcript of the record of the proceedings with its answer, as required by CPLR 7804 (e). The ZBA appeals from a judgment dated April 2, 2013, which, upon the order, annulled its determination and directed the Village Building Inspector to deem the proposed use to be a use permitted as of right.

The Supreme Court erred when it, sua sponte, disregarded the full administrative record submitted by the ZBA on the ground that it was uncertified and, as a result, granted the petition. Since there was no allegation or indication that a substantial right of the petitioner was prejudiced by the lack of a certification, the Supreme Court should have disregarded the defect, and decided the matter on the merits (*see* CPLR 2001; *Matter of Cliff v Kingsley*, 293 AD2d 954, 955 [2002]; *see also* CPLR 103 [b]; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 55-56 [2014]; *Matter of Pledger v Coughlin*, 205 AD2d 832, 832 [1994]).

In the interest of judicial economy, we deem it appropriate, under the circumstances of this case, in which the full administrative record is before us, to address the merits of the petition, rather than remit the matter to the Supreme Court to do so (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d at 56; *see also Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation*, 76 AD3d 975, 978 [2010]; *cf. Matter of Stallone v Fischer*, 67 AD3d 125, 130 [2009]).

" 'In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion' " (*Matter of Greentree Country Club, Inc. v City of New Rochelle*, 119 AD3d 570, 571 [2014], quoting *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "[Z]oning restrictions, being in derogation of common-law property rights, should be strictly construed, and any ambiguities are to be resolved in favor of the property owner" (*Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 159 [2009] [citation omitted]; *see Matter of Subdivisions, Inc. v Town of Sullivan*, 92 AD3d 1184, 1185 [2012]).

A zoning board's interpretation of its zoning ordinance is generally entitled to great deference (*see Matter of Birch Tree Partners, LLC v Nature Conservancy*, 122 AD3d 841, 842 [2014]; *Matter of J & M Harriman Holding Corp. v Zoning Bd. of Appeals of Vil. of Harriman*, 62 AD3d 705, 707 [2009]). However, where, as here, "the issue involves pure legal interpretation of statutory terms, deference is not required" (*Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d at 160; *see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998]; *Matter of J & M Harriman Holding Corp. v Zoning Bd. of Appeals of Vil. of Harriman*, 62 AD3d at 707). Pursuant to our independent review of the law, we conclude that the ZBA's determination complied with applicable legal principles (*see Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d at 160).

Under the Zoning Code, uses permitted as of right (hereinafter permitted uses) and conditional uses are set forth in accompanying zoning schedules. The uses listed in column A of the applicable schedules "are permitted by right," while the uses listed in column C "are permitted only on approval of the Planning Board, and are conditioned to [sic] special requirements that may be imposed to ensure compatibility with neighboring uses" (Code of Village of Monroe § 200-15 [B]). Zoning Schedule I-F is applicable to the GB District. The permitted uses enumerated in column A of the Table of Use Requirements of Zoning Schedule I-F include, among others, "retail sales" (Item 17) and "repair service, including automotive" (Item 16). However, column C lists "tire sales and service" (Item 4) among the conditional uses. Section 200-3 of the Code

of the Village of Monroe provides that "[i]n the event of conflict in the terminology of any section or part thereof of this chapter, the more restrictive provisions shall control" (Code of Village of Monroe § 200-3 [B]).

"A statute such as a zoning ordinance must be construed as a whole, reading all of its parts together, all of which should be harmonized to ascertain legislative intent, and it should be given its plain meaning, avoiding a construction that renders superfluous any language in the ordinance" (*Matter of Saratoga County Economic Opportunity Council, Inc. v Village of Ballston Spa Zoning Bd. of Appeals*, 112 AD3d 1035, 1037 [2013] [internal quotation marks omitted]; *see Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115 [2007]; *Matter of Sanantonio v Lustenberger*, 73 AD3d 934, 936 [2010]). Construing the Zoning Code with its schedules as a whole, it provides that tire sales and related services are conditional uses.

Accordingly, the ZBA's determination that the proposed use of the properties for tire sales is a conditional use must be confirmed, the petition denied, and the proceeding dismissed on the merits. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.