■ In the Matter of NICHOLAS WITKOWICH, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF YORKTOWN, Respondent, and ANDREW SABO, Appellant. [19 NYS3d 327]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown dated December 6, 2012, which, after a hearing, affirmed the issuance of a building permit to Andrew Sabo for the construction of a proposed addition to his residence, Andrew Sabo appeals from a judgment of the Supreme Court, Westchester County (Warhit, J.), entered November 20, 2013, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

In 2012, Andrew Sabo was issued a building permit to construct an attached addition to his residence in Yorktown, consisting of a den and a large garage. Sabo's neighbor, Nicholas Witkowich, commenced an administrative proceeding before the Zoning Board of Appeals of the Town of Yorktown (hereinafter the ZBA) challenging the issuance of the permit. Witkowich contended that the proposed structure was not an addition to the main residence, but was an impermissibly large "accessory" building under section 300-14 (D) of the Town of Yorktown Zoning Ordinance (hereinafter the ordinance). After a hearing, the ZBA issued a determination that the building permit had been properly issued based upon its interpretation of the ordinance. Witkowich commenced this CPLR article 78 proceeding to review the ZBA determination. The Supreme Court granted his petition and annulled the determination of the ZBA. Sabo now appeals.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference and will not be overturned by the courts unless unreasonable or irrational" (*Matter of Green 2009, Inc. v Weiss*, 114 AD3d 788, 788 [2014]; *see Matter of Henderson v Zoning Bd. of Appeals*, 72 AD3d 684, 685 [2010]; *Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006]; *Matter of Home Depot USA v Baum*, 243 AD2d 476, 478 [1997]). A zoning code must be construed according to the words used in their ordinary meaning (*see Ford v Fink*, 84 AD3d 725, 728 [2011]; *Matter of Falco Realty, Inc. v Town of Poughkeepsie Zoning Bd. of Appeals*, 40 AD3d 635, 636 [2007]; *Matter of Baker v Town of Islip Zoning Bd. of Appeals*, 20 AD3d 522, 524 [2005]). Judicial review is generally limited to determining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]).

Section 300-3 (B) of the ordinance defines an "accessory" building as a "subordinate building, whether or not attached to the main building via a breezeway or connecting corridor, the use of which is customarily incidental to that of a main building on the same lot." According the language of this ordinance its plain meaning, an accessory building may be either a detached building or a building attached to the main building by a breezeway or connecting corridor.

Here, the ZBA's interpretation of the relevant provisions of

the ordinance was neither unreasonable nor irrational. The ZBA determined that the proposed structure, consisting of an attached den and garage area, was an addition to the main building, not an "accessory" building within the meaning of section 300-3 (B) of the ordinance. Consequently, the ZBA found that the size limitations for "accessory" buildings set forth in section 300-14 (D) of the ordinance were not applicable to the proposed structure. In reaching its determination, the ZBA considered record evidence that the proposed den area was to be used as conventional living space and not a connecting "breezeway" or "connecting corridor." Since the terms "breezeway" and "connecting corridor" were not defined in the ordinance, the ZBA used the Dictionary of Architecture and Construction and the Merriam-Webster Dictionary to define those terms. The ZBA determined that, according those words their ordinary meaning, the den area of the proposed structure, designed to be an enclosed, heated living space, not open to the outdoors, cannot reasonably be construed to constitute a "breezeway" or "connecting corridor." Accordingly, the Supreme Court should not have disturbed the ZBA's determination.

The parties' remaining contentions are not properly before this Court (see Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals, 83 AD3d 711, 713 [2011]; Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 607 [2008]). Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.