■ In the Matter of BRIAN RICHARD WATKINS, Appellant, v TOWN OF NORTH EAST ZONING BOARD OF APPEALS et al., Respondents. [24 NYS3d 521]—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of North East Zoning Board of Appeals dated August 27, 2013, that, under the Zoning Law of the Town of North East, an "educational center" is permitted to include housing and dining facilities, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated January 3, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Generally, "a zoning board's interpretation of its zoning ordinance is entitled to great deference and will not be overturned by the courts unless unreasonable or irrational"

(*Matter of Green 2009, Inc. v Weiss*, 114 AD3d 788, 788 [2014]; *see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996]; *Matter of Henderson v Zoning Bd. of Appeals*, 72 AD3d 684, 685 [2010]). " '[W]here the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used' " (*Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 107 [1997] [emphasis omitted], quoting *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]). Here, pursuant to the plain meaning of the language of sections 98-5 and 98-33 of the Zoning Law of the Town of North East, it is permissible for an "educational center" to include housing and dining facilities. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.