■ In the Matter of 7-ELEVEN, INC., et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents. [33 NYS3d 382]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Huntington Zoning Board of Appeals dated April 19, 2012, which, after a hearing, denied the site plan application of the petitioner 7-Eleven, Inc., and action, inter alia, for declaratory relief, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Pastoressa, J.), dated November 13, 2013, as denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Town of Huntington Zoning Board of Appeals (hereinafter the ZBA) denied the site plan application of the petitioner 7-Eleven, Inc. (hereinafter 7-Eleven), seeking to demolish an existing structure on a certain parcel of real property currently being utilized as a restaurant and to construct a convenience store on the property. On this appeal, the petitioners contend that the Supreme Court improperly upheld the ZBA's decision to deny 7-Eleven approval for a "[c]hange of use" under section 198-104 of the Code of the Town of Huntington (hereinafter the Town Code).

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference and will not be overturned by the courts unless unreasonable or irrational" (*Matter of Green 2009, Inc. v Weiss*, 114 AD3d 788, 788 [2014]; *see Matter of Watkins v Town of N.E. Zoning Bd. of Appeals*, 136 AD3d 836 [2016]; *Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown*, 133 AD3d 679, 680 [2015]). "Judicial review is generally limited to determining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown*, 133 AD3d at 680; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Robert E. Havell Revocable Trust v Zoning Bd. of Appeals of Vil. of Monroe*, 127 AD3d 1095, 1097 [2015]). However, where, as here, the issue involves pure legal interpretation of statutory terms, deference is not required (*see Matter of Robert E. Havell Revocable Trust v Zoning Bd. of Appeals of Vil. of Monroe*, 127 AD3d at 1097; *Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 160 [2009]).

As relevant here, Town Code § 198-104 provides that "[a] nonconforming use may be changed to . . . any use which the [ZBA] shall find to be less intensive and more in character with the uses permitted in the district in which the nonconforming use is located." The Town Code defines the term "nonconforming use" as "[a]ny building, structure or use of land . . . which does not conform to the zoning regulations of the district in which it is located" (Town Code § 198-2 [B]). It defines the term "use" as "[t]he purpose for which land or any building or structure thereon is designed, erected, arranged or intended for use or for which it is or may be occupied or maintained" (Town Code § 198-2 [B]). The ZBA determined that since utilization of the site as a restaurant is permitted under the zoning regulations of the district in which the property is located (*see* Town Code § 198-28 [A] [3]), 7-Eleven could not rely on Town Code § 198-104 to change the purpose for which the property is being utilized to a free-standing convenience store, which is a prohibited use of the property under the zoning regulations of the district in which it is located (*see* Town Code § 198-28 [A] [12]; [D] [5]). The petitioners assert that since the conditions on the site currently do not conform to, inter alia, various dimensional zoning regulations in the district in which the property is located, 7-Eleven satisfied the definition of "nonconforming use" under the Town Code and therefore the ZBA erred in finding that Town Code § 198-104 was inapplicable. We disagree.

While the petitioners are correct that Town Code § 198-104 allows for applicants to seek approval from the ZBA to change nonconforming uses so as to make them "less intensive and more in character with the uses permitted in the district" (Town Code § 198-104), it does not apply to uses that are already in conformity with the zoning regulations of the district in which the property is located. Otherwise, Town Code § 198-104 could be used for the purpose of changing conforming uses so that they are in violation of applicable zoning regulations. This would be an unreasonable result. " 'Although statutes will ordinarily be accorded their plain meaning, it is well settled that courts should construe them to avoid objectionable, unreasonable or absurd consequences' " (*Matter of Benson Point Realty Corp. v Town of E. Hampton*, 62 AD3d 989, 992 [2009], quoting *Long v State of New York*, 7 NY3d 269, 273 [2006]; *see Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead*, 77 NY2d 114, 124-125 [1990]). In addition, "[t]he law . . . generally views nonconforming uses as detrimental to a zoning scheme, and the overriding public policy of zoning in New York State and elsewhere is aimed at their reasonable restriction and eventual elimination" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417 [1996]). The petitioners' proffered interpretation of Town Code § 198-104 is inconsistent with this aim.

Therefore, pursuant to our independent review of the law, we conclude that the ZBA's determination, that 7-Eleven was not entitled to the relief it sought under Town Code § 198-104, complied with applicable legal principles (*see Matter of Robert E. Havell Revocable Trust v Zoning Bd. of Appeals of Vil. of Monroe*, 127 AD3d at 1097; *Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d at 160). Accordingly, we decline to disturb it. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.