In the Matter of MECOX BAY CIVIC ASSOCIATION, INC., et al., Appellants, v TOWN OF SOUTHAMPTON ZONING BOARD OF APPEALS et al., Respondents. [43 NYS3d 111]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Southampton Zoning Board of Appeals dated November 1, 2012, which, after a hearing, denied the petitioners' application to rescind a preexisting certificate of occupancy issued to the Town of Southampton, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated July 24, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Town of Southampton owns Mecox Bay Park, which includes approximately 10 acres and a single-story, 192-square-foot building. The building was constructed in 1939, prior to the enactment of any zoning provisions, and it fell into disrepair in the 1990s. In June 2012, the Town obtained a preexisting certificate of occupancy (hereinafter C/O) in order to rehabilitate the building for use as a storage shed for sailing equipment in connection with a town-sponsored sailing program.

On July 2, 2012, the petitioners, at least some of whom live near the park, challenged the issuance of the C/O. After a hearing, the Town of Southampton Zoning Board of Appeals (hereinafter the ZBA) upheld the issuance of the C/O, concluding, inter alia, that the building was a "conforming accessory use in a residential zone, part of a larger park use, which is also a conforming use in this residential zone."

The petitioners commenced this CPLR article 78 proceeding, and the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Harbor Park Realty, LLC v Modelewski*, 116 AD3d 1040, 1041 [2014]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012]; *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *Matter of Sposato v Zoning Bd. of Appeals of Vil. of Pelham*, 287 AD2d 639 [2001]). When the question raised is one of purely legal interpretation of statutory terms, deference to the zoning board of appeals is not required (*see Matter*

*of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006]). However, contrary to the petitioners' contention, the analysis of the ZBA, which included a determination that the subject structure is a "conforming accessory use in a residential zone," was largely fact-based (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 420-421 [1998]; *Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton*, 141 AD3d 970, 972 [2016]; *Matter of East Hampton Indoor Tennis Club, LLC v Zoning Bd. of Appeals of Town of E. Hampton*, 83 AD3d 935, 937 [2011]). Also contrary to the petitioners' contention, the Supreme Court correctly determined that the ZBA's decision to uphold the issuance to the Town of Southampton of the C/O for the subject building was not illegal, arbitrary and capricious, or an abuse of discretion.

The petitioners' remaining contention need not be reached in light of our determination. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.