Matter of Nabe v Sosis (2019 NY Slip Op 06089)





Matter of Nabe v Sosis


2019 NY Slip Op 06089


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-06243
 (Index No. 2810/15)

[*1]In the Matter of Rahul Nabe, respondent,
v
Richard Sosis, etc., et al., appellants.


Belowich & Walsh LLP, White Plains, NY (Peter A. Meisels, Matthew T. Dudley, and Robert A. Spolzino of counsel), for appellants.
Murphy, Bartol & O'Brien, LLP, Mineola, NY (Kevin J. O'Brien and Robert L. Garfinkle of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals on Zoning of the City of New Rochelle dated July 14, 2015, which, after a hearing, denied the petitioner's application to change a nonconforming use to another nonconforming use and for an area variance, the members of the Board of Appeals on Zoning of the City of New Rochelle appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated May 9, 2016. The judgment granted the petition, annulled the determination, and, in effect, directed the Board of Appeals on Zoning of the City of New Rochelle to grant the application.
ORDERED that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
In December 2013, the petitioner purchased real property in the City of New Rochelle on which a gas station and auto repair shop were operated as a legal nonconforming use. In May 2015, the petitioner asked the Bureau of Buildings of the City of New Rochelle to approve his plan to renovate the gas station and convert the auto repair shop to a convenience store. Following the denial of his application, the petitioner applied to the Board of Appeals on Zoning of the City of New Rochelle (hereinafter the BAZ) for permission to change the preexisting nonconforming use to another nonconforming use (see Code of the City of New Rochelle § 331-12[E]). The petitioner also sought an area variance in connection with the placement of the convenience store's solid waste disposal unit (see Code of the City of New Rochelle § 331-100[M][5]). After a hearing, the BAZ denied the petitioner's application. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the BAZ's determination. The Supreme Court granted the petition, annulled the determination, and, in effect, directed the BAZ to grant the petitioner's application. We reverse.
Because nonconforming uses are viewed as detrimental to a zoning scheme, the overriding public policy is aimed at their reasonable restriction and eventual elimination (see Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison, 1 NY3d 561, 562; Matter of Toys R Us v Silva, 89 NY2d 411, 417; Matter of 7-Eleven, Inc. v Town of Huntington, 140 AD3d 889, 891). Thus, the courts will enforce a municipality's reasonable circumscription of the right to expand the volume or intensity of a prior nonconforming use (see Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d 1289, 1292; Matter of Steiert Enters., [*2]Inc. v City of Glen Cove, 90 AD3d 764, 768). The determination of a zoning board of appeals regarding a nonconforming use of a property must be sustained if it is rational and supported by evidence in the record, even if a reviewing court would have reached a different result (see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, 98 NY2d 683, 685; Matter of Bennett v Zoning Bd. of Appeals of the Vill. of Sagaponack, 170 AD3d 716; Matter of HV Donuts, LLC v Town of LaGrange Zoning Board of Appeals, 169 AD3d 678, 679).
As relevant here, Code of the City of New Rochelle § 331-12(E) provides that a nonconforming use "may be changed to another nonconforming use . . . based upon a finding that the proposed use is more consistent with the character of the surrounding neighborhood and having less adverse impacts." The BAZ determined that the change from a gas station and auto repair shop to a gas station and convenience store would have an adverse impact upon traffic. Contrary to the Supreme Court's conclusion, the BAZ's determination was not irrational and was supported by evidence in the record (see Matter of Emrey Props., Inc. v Baranello, 13 NY3d 915, 916; Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d 804, 806).
The denial of the petitioner's application to change the gas station and auto repair shop to a gas station and convenience store rendered the petitioner's application for an area variance academic (see Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 159 AD3d 891, 894; Edwards v Davison, 94 AD3d 883, 884; Matter of King v Ronik, 237 AD2d 358, 359; Matter of Delmarco v Zoning Bd. of Appeals of Town of Babylon, 204 AD2d 447, 448).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court